UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, as successor to FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT,<br><br>Petitioner,<br><br>V.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Respondent. | :<br>:<br>:<br>: CIVIL NO. 3:03 CV 1000(PCD)<br>:<br>:<br>:<br>:<br>:<br>:<br>: SEPTEMBER 25, 2006<br>: |

## MOTION TO SEAL

Pursuant to Rule 5 of the Local Rules of Civil Procedure, the Petitioner, Security Insurance Company of Hartford, as successor to Fire and Casualty Insurance Company of Connecticut, hereby petitions the Court to seal its Memorandum of Law and the Declaration of Dennis Haver in support of the application to hold Trustmark Insurance Company in contempt.

The Petitioner has filed the instant action seeking to hold Trustmark in contempt of a judgment confirming an arbitration award. Exhibit E to the Declaration of Dennis Haver is the final arbitration award, and both the Memorandum of Law and the Declaration of Dennis Haver contain descriptions of the final arbitration award.

FCIC and Trustmark entered into a confidentiality agreement regarding the underlying arbitration. (See Confidentiality Agreement attached hereto as Exhibit 1.) According to the confidentiality agreement, the final award of the arbitrators is to be

HART1-1355676-2

considered confidential information.

Accordingly, the Petitioner respectfully requests that the Court seal its Memorandum of Law and Declaration of Dennis Haver.

Respectfully submitted,

SECURITY INSURANCE COMPANY OF HARTFORD, as successor to FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT

By: _____
Frank F. Coulom, Jr. (ct 05230)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-5397
Tel: (860) 275-8200
Fax: (860) 275-8299

Of Counsel:

David J. Grais
Kathryn C. Ellsworth
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Tel: (212) 259-8000
Fax: (212) 259-6333

## CERTIFICATION

This is to certify that on this 25th day of September, 2006, a copy of the foregoing Motion To Seal was served by first class mail, postage prepaid, on the following counsel of record:

David Spector, Esq.
Everett J. Cygal, Esq.
Schiff, Hardin & White
6600 Sears Tower
Chicago, IL 60606-5600

Jeffrey R. Hellman, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave.
P.O. Box 3186
Bridgeport, CT 06605-0186

Frank F. Coulom, Jr.

**EXHIBIT 1**

**In the Matter of the Arbitration Between
Petitioner Fire and Casualty Insurance Company of Connecticut
and Respondent Trustmark Insurance Company.**

CONFIDENTIALITY AGREEMENT

1. The parties intending to be bound by this agreement are:

   a. The _Fire + Casualty Ins. Co. ACT_ and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

   b. The _Trustmark Ins. Co._ and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors.

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, _FCIC_ and _Trustmark_ agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as" Arbitration Information') will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

   3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration; (c) as is necessary in communications with auditors retained by either of the parties hereto, or federal or state regulators; and (d) as is necessary in order to comply with subpoenas, discovery request or orders of any court. Any disclosures pursuant to subparagraphs (a) and (c) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If either party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other as soon as possible after the subpoena, discovery request or court order is received. In all contexts, both parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

   4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed on an as needed or as appropriate basis to the following persons only:

a. the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;

b. counsel for a party or employees of counsel's law firm who are assisting counsel;

c. employees and agents of the parties for purposes consistent with this agreement;

d. any party deposition or trial witness;

e. any person retained by counsel for a party to assist in this arbitration; provided, however, that such person shall be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an affidavit in the form attached hereto as Exhibit A; or

f. any non-party deposition or trial witness; provided, however, that such person shall be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an affidavit in the form attached hereto as Exhibit A.

Members of the Panel:
Arbitrator:   Ronald S. Gass
Arbitrator:   Wendell O. Ingraham
Umpire:       Martin D. Haber

AGREED:

Attorney for Petitioner
Gibson, Dunn & Crutcher, LLP

by _David P. Hair_ (signature)

Dated: 6/19/02

Attorney for Respondent
Schiff, Hardin & Waite

by _David M. Spector_ (signature)

6/19/02

EXHIBIT A

In the Matter of the Arbitration Between
Petitioner Fire and Casualty Insurance Company of Connecticut-
and -
Respondent Trustmark Insurance Company.

## AFFIDAVIT

_____ being duly sworn, deposes and says:

1. I live at

2. I am employed as (state position) _____ by (state name and address of employer)

3. I am aware that the parties to In the Matter of the Arbitration Between _____ have entered into a Confidentiality Agreement dated _____ I have received and read a copy of that Confidentiality Agreement.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____ or _____ only under supervision of a party's counsel and only in connection with this particular arbitration.

5. I agree that I will be bound by the terms of the Confidentiality Agreement as though I were a party to the arbitration, and I will not disclose or discuss material produced by _____ or _____ to or with any person other than those permitted access to such material under the Confidentiality Agreement.

(Signature)

Sworn to before me this
_____ day of

Notary Public
(SEAL)