UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, as successor to FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT,<br><br>Petitioner,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Respondent. | CIVIL NO. 3:03 CV 1000 (PCD)<br><br><br><br><br><br>MAY 16, 2007 |

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND THE JUDGMENT TO REFLECT THE PANEL'S CLARIFICATION OF ITS AWARD

ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-5397
(860) 275-8200

GRAIS & ELLSWORTH LLP
70 East 55th Street
New York, New York 10022
(212) 755-0100

Attorneys for Petitioner

On November 13, 2006, this Court decided that the award issued by a panel of arbitrators on May 23, 2003, and confirmed by the Court on July 21, 2003, was ambiguous, and it remanded the matter to the arbitration panel to resolve the ambiguity. The Court could not have entered judgment on the award if it had discovered this latent ambiguity before it confirmed the award because an arbitration award that is ambiguous in scope or application is unenforceable. *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003). Now that the arbitration panel has clarified the ambiguity in its award, this Court should revise its judgment to remove the same ambiguity that the panel has now removed from its award.

## STATEMENT OF FACTS

On May 23, 2003, a panel of arbitrators issued a final award in an arbitration between petitioner FCIC[1] and respondent Trustmark. On June 5, 2003, FCIC petitioned this Court to confirm the award. The Court confirmed the award on July 21, 2003, and entered judgment on the award on September 25, 2003.

Among other things, the award decided that FCIC was entitled to reimbursement of $9,424,337 it paid to a third party, UniCare/Fremont. The award established a procedure by which Trustmark could seek reimbursement of that amount from UniCare/Fremont on FCIC's behalf or pay the amount to FCIC itself.

On July 27, 2006, FCIC moved to hold Trustmark in contempt because Trustmark had not complied with the procedure established by the award to recover the $9,424,337 owed to FCIC. The Court issued a ruling that the arbitration award "remains

---

[1] Petitioner Security Insurance Company of Hartford is the successor by a merger in 2004 to Fire and Casualty Insurance Company of Connecticut, and is referred to as FCIC.

ambiguous.... [and] courts will not enforce arbitration awards that are incomplete, ambiguous, or contradictory." Ruling at 8. The Court remanded two questions to the arbitration panel for clarification. *See id.* at 9. After briefing and oral argument, the panel issued a reply to the two questions on which the Court sought clarification. *See* Reply at 1-2. On May 1, 2007, FCIC sent a letter to the Court enclosing the Panel's reply and informing the Court that FCIC would not renew its motion to hold Trustmark in contempt.

**ARGUMENT**

**THE COURT SHOULD REVISE THE JUDGMENT IN WHICH IT CONFIRMED THE AWARD THAT IT LATER FOUND TO BE AMBIGUOUS**

When the Court entered judgment on the confirmed award, it was unaware of the latent ambiguity in the award. Had the Court been aware of the ambiguity, it could not have confirmed the award because an award that "is ambiguous in its scope or application ... is unenforceable." *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003); *see also Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. (UAW)*, 500 F.2d 921, 923 (2d Cir. 1974); *LLT Int'l Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 515 (S.D.N.Y. 1999).

After the parties discovered the ambiguity in the award years later, the Court remanded two questions to the arbitration panel for clarification. Now that the panel has removed the ambiguity in its award, the Court should like revise its judgment to eliminate the same ambiguity. *See* 9 U.S.C. § 11(c) (a court "may make an order modifying or correcting the [arbitration] award ... where the award is imperfect in matter of form not affecting the merits of the controversy"). The revised judgment would not

affect the merits of the controversy – it would simply clarify the original intention of the arbitration panel – nor would it prejudice either party in any way. Therefore, to "effect the intent [of the award] and promote justice between the parties," 9 U.S.C. § 11, the Court should revise the judgment to clarify the ambiguity in the award.

## CONCLUSION

Petitioner respectfully requests that the Court revise its judgment of September 25, 2003, to reflect the panel's clarification of its award.

Respectfully submitted,

SECURITY INSURANCE COMPANY OF HARTFORD, as successor to FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT

By: _____
Frank F. Coulom, Jr. (ct 05230)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-5397
Tel: (860) 275-8200
Fax: (860) 275-8299

Of Counsel:

David J. Grais
Kathryn C. Ellsworth
Grais & Ellsworth LLP
70 East 55th Street
New York, NY 10022
Tel: (212) 755-0100
Fax: (212) 755-0052

## **CERTIFICATION**

This is to certify that on this 16th day of May, 2007, a copy of the foregoing Petitioner's Memorandum Of Law In Support Of Its Motion To Amend The Judgment To Reflect The Panel's Clarification Of Its Award was served by first class mail, postage prepaid, on the following counsel of record:

David Spector, Esq.
Everett J. Cygal, Esq.
Schiff, Hardin & White
6600 Sears Tower
Chicago, IL 60606-5600

Jeffrey R. Hellman, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave.
P.O. Box 3186
Bridgeport, CT 06605-0186

Brian P. Daniels, Esq.
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511

_____
Frank F. Coulom, Jr.

- 4 -