UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SECURITY INSURANCE COMPANY OF :
HARTFORD, as successor to FIRE AND :
CASUALTY INSURANCE COMPANY :
OF CONNECTICUT, : Civil No. 3:03-CV-1000 (PCD)
        Petitioner, :
         :
v. : May 24, 2007
         :
TRUSTMARK INSURANCE COMPANY, :
        Respondent. :

**ORDER ON MOTION TO AMEND THE JUDGMENT**

    Petitioner Security Insurance Company of Hartford, as successor to Fire and Casualty Insurance Company of Connecticut ("FCIC"), moves to amend the judgment issued by a panel of arbitrators on May 23, 2004, and confirmed by the Court on July 21, 2003, to reflect panel's recent clarification of its award. Petitioner's motion [Doc. No. 45] is **granted.**

    Among other things, the panel's award stated that FCIC was entitled to reimbursement of $9,424,337 that it had paid to a third party, UniCare/Fremont. The award established a procedure by which Trustmark could seek reimbursement of that amount from UniCare/Fremont on FCIC's behalf or pay the amount to FCIC itself. On July 27, 2006, FCIC moved to hold Trustmark in contempt because Trustmark had not complied with the procedure established by the award to recover the $9,424,337 owed to FCIC [Doc. No. 23]. Upon review of the motion and the arbitration award, the Court concluded that a latent ambiguity existed in the award. Had the Court been aware of the ambiguity when it confirmed the award, it would not have done so because an award that is "ambiguous in its scope or application ... is unenforceable." Brown v. Witco Corp., 340 F.3d 209, 216 (5th Cir. 2003); see also Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, 500 F.2d 921, 923 (2d Cir. 1974) (citing United Steelworkers v. Enterprise

Wheel & Car Corp., 363 U.S. 593, 599 (1960)); LLT Int'l Inc. v. MCI Telecomms. Corp., 69 F. Supp. 2d 510, 515 (S.D.N.Y. 1999). Upon realization of the ambiguity, the Court remanded two questions to the arbitration panel for clarification: (1) whether it was Trustmark's option to pursue the question of redress of the $9,424,337 in another legal proceeding, without altering Trustmark's ultimate responsibility to FCIC, diminished only by whatever it received from arbitration or any other legal proceeding, if anything; and (2) whether the panel's award provided for Trustmark's pursuit of a legal proceeding other than arbitration on FCIC's behalf. (See Ruling on Pet.'s Mot. for Contempt at 9.) After briefing and oral argument, the panel answered both questions affirmatively. (See Panel's Reply at 1-2.) Petitioner FCIC notified the Court of the Panel's reply and informed the Court that it would not renew its motion to hold Trustmark in contempt.

Now that the panel has removed the ambiguity in its award, the Court hereby revises its judgment [Doc. No. 22] pursuant to 9 U.S.C. § 11(c) to eliminate the same ambiguity. Pursuant to 9 U.S.C. § 11(c), a court "may make an order modifying or correcting the award ... where the award is imperfect in matter of form not affecting the merits of the controversy." The judgment is hereby amended to reflect the clarification made by the panel in its reply to this Court dated April 21, 2007 [Doc. No. 46].

SO ORDERED.

Dated at New Haven, Connecticut, this 24th day of May, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court