UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, as successor to FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT,<br>    *Plaintiff*,<br><br>    *v.*<br><br>TRUSTMARK INSURANCE COMPANY,<br>    *Defendants*. | Civil No. 3:03cv1000(JBA)(TPS)<br><br><br><br>May 7, 2012 |

**RULING ON MOTIONS and ORDER OF REFERRAL**

Defendant Trustmark Insurance Company ("Trustmark") moves to preclude further proceedings before Magistrate Judge Smith for lack of jurisdiction pursuant to the Federal Magistrate Act, 28 U.S.C. § 636 *et seq*. Plaintiff Fire and Casualty Insurance Company of Connecticut ("FCIC")[1] opposes Trustmark's motion and requests that sanctions enter against Trustmark for delaying the proceedings. Oral argument was held May 2, 2012 before the undersigned to whom this case has now transferred. For the reasons that follow, Trustmark's Motion to Preclude [Doc. No. 162] and FCIC's Motion for Sanctions [Doc. No. 167] are **denied**.

**I.    Background**

The parties' familiarity with the underlying facts and protracted procedural history of this case is presumed. FCIC and Trustmark have engaged in nine years of litigation related to their May 23, 2003 arbitration award. Judgment was entered confirming the arbitration award on September 25, 2003 [Doc Nos. 19 & 22], and since that time, there have been numerous post-

---

[1] Arrowood Indemnity Company is the successor by merger in 2007 to Security Insurance Company of Hartford, which in turn was the successor by merger in 2004 to Fire and Casualty Insurance Company of Connecticut. (See Doc. No. 49-2, p. 1, n. 1).

judgment motions related to the enforcement of the judgment and the parties' disputed interpretation of certain provisions of the arbitration award.  In 2006, the District Court (Dorsey, J.) remanded this matter to the Arbitration Panel for a clarification of one aspect of the arbitration award.  The Arbitration Panel's clarification was incorporated into an Amended Judgment on June 1, 2007 [Doc. Nos. 47 & 48].

The current round of post-judgment motions commenced with FCIC's motion for contempt and to enforce judgment filed on November 25, 2008 [Doc. No. 49].  Trustmark responded to FCIC's motion by filing a Motion to Dismiss for lack of jurisdiction [Doc. No. 55].  On July 15, 2009, Judge Dorsey denied FCIC's motion for contempt and enforcement of judgment, holding that Trustmark had fully complied with the unambiguous judgment, and denied Trustmark's motion to dismiss as moot [Doc. No. 74].  FCIC moved for reconsideration of the July 15, 2009 Ruling, and on October 13, 2009, Judge Dorsey granted FCIC's motion for reconsideration on the ground that the arbitration award contained an ambiguity [Doc. No. 84].  Accordingly, Judge Dorsey again remanded the award to the Arbitration Panel for additional clarification.

On July 6, 2010, FCIC filed notice that the Arbitration Panel had answered the Court's questions on remand to the Panel [Doc. No. 102].  On July 8, 2010, Trustmark moved for reinstatement of the Court's July 15, 2009 Order denying judgment [Doc. No. 103] or to dismiss for lack of jurisdiction, and on July 29, 2010 FCIC moved for an order granting its November 25, 2008 motion for judgment and contempt and for entry of judgment against Trustmark [Doc. No. 106], which Trustmark has moved to strike [Doc. No. 108].  These motions will be restored to the active docket now that the case has been returned to active status.

An evidentiary hearing on FCIC's motion for contempt and enforcement of judgment was originally set for January 24, 2011 before Judge Dorsey. On January 20, 2011, the docket reflects that this evidentiary hearing was rescheduled to February 2, 2011 and would be heard by Magistrate Judge Smith. To date, Magistrate Judge Smith has conducted twelve days of evidentiary hearing. The evidentiary hearing is currently scheduled to continue on May 15-17, 2012 [Doc. No. 152].

## II.     Discussion

Trustmark moves to preclude further proceedings before the Magistrate Judge, arguing that the proceedings are contrary to law for either of two reasons: 1) the current proceedings amount to an evidentiary hearing on contempt, which only a district court may conduct; or 2) if it is not a civil contempt proceeding, it is a non-jury trial on the merits, which is outside the limited jurisdiction conferred under the Federal Magistrate Act.

Trustmark's first ground for its motion is that the ongoing proceedings on FCIC's contempt motion exceed the Magistrate's limited contempt powers pursuant to 28 U.S.C. § 636(e). Before the Court can address FCIC's motion for contempt, however, it must first rule on FCIC's motion to enforce the judgment, which requires interpretation of the judgment to which findings on the parties' actions will be applied. The parties agreed at oral argument that the judgments are unambiguous although they dispute the proper interpretation. Unless and until the Court determines that the judgment is to be enforced under FCIC's interpretation of its terms and that Trustmark contumaciously refused to comply, FCIC's motion for contempt is premature. Because FCIC's motion for contempt is premature, it must be denied without prejudice, and Trustmark's motion relating to contempt powers is moot.

At oral argument, Trustmark argued that the proceeding before Magistrate Judge Smith is necessarily a hearing on a motion for contempt because, at this stage in the litigation, the Court only has jurisdiction to enforce the judgment through a finding of civil contempt pursuant to Rule 70 of the Federal Rules of Civil Procedure.  This Court disagrees.  While Rule 70 details certain actions a district court may take to enforce a judgment for a specific act, the listed actions are not the only avenues available to the Court to enforce or effectuate its judgments.

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to vindicate its authority, and effectuate its decrees. This includes proceedings to enforce the judgment." Dulce v. Dulce, 233 F.3d 143, 146 (2d Cir. 2000) (quotation marks and internal citation omitted).  Without ancillary jurisdiction to enforce judgments, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." Peacock v. Thomas, 516 U.S. 349, 356 (1996) (internal quotations omitted).  Once confirmed, an arbitration award becomes an enforceable court order, "and, when asked to enforce such orders, a court is entitled to require actions to achieve compliance with them." Zeiler v. Deitsch, 500 F.3d 157, 170 (2d Cir. 2007). See also 9 U.S.C. § 13 ("The judgment [on a motion to confirm, vacate, or modify an arbitration award] shall be docketed as if it was rendered in an action. The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.").  Accordingly, the Court has ancillary jurisdiction to rule on FCIC's motion to enforce the judgment confirming the arbitration award and issue appropriate orders enforcing the judgment apart from its contempt power.

The Court is also unpersuaded by the grounds for Trustmark's alternative argument that Magistrate Judge Smith lacks authority to conduct an evidentiary hearing on FCIC's motion to enforce judgment because the hearing constitutes a "non-jury trial on the merits." The hearing before Magistrate Judge Smith does not "go to the essence of the trial" as Trustmark argues in its motion, particularly since the merits of the matter before the arbitrators cannot be re-litigated in District Court. See Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (holding that a district court cannot conduct a de novo review of an arbitration award and must give extreme deference to arbitrators). As counsel agreed at oral argument, this matter is in a post-judgment posture, and FCIC's motion to enforce the judgment is a post-judgment motion. It is thus within a magistrate judge's authority pursuant to § 636(b)(3) to conduct a hearing and make a report and recommendation to the district court on this post-judgment motion. See McCleod v. Quarles, 925 F.2d 853, 856 (5th Cir. 1991) (holding "that § 636(b)(3) authorizes a district court to refer to a magistrate a motion made pursuant to Rule 60(b), at least for the limited purpose of holding an evidentiary hearing and preparing for the district court proposed findings of fact and recommendations for the disposition of the motion."); Gaiters v. City of Catoosa, 226 Fed. Appx. 826, 829 (10th Cir. 2007) ("We have previously held that a district court may refer post-judgment matters to a magistrate judge under the "additional duties" provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making.") (citing Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989)). Trustmark's motion to preclude further evidentiary hearings before Judge Smith on FCIC's motion to enforce judgment is therefore denied

**III.     Referral Order**

To clarify the referal to Magistrate Judge Smith pursuant to 28 U.S.C. § 636(b)(3), he will conduct an evidentiary hearing on FCIC's motion to enforce the judgment and submit his report to the Court.  The proceedings scheduled before Magistrate Judge Smith on May 15-17, 2012, which will proceed as scheduled, will conclude by May 17, 2012.  To ensure their conclusion, time limits will be imposed on the parties for the remainder of the proceeding.  Plaintiff will have six hours and Defendant will have seven hours.  The total time consumed arguing and ruling on an objection will be charged to the unsuccessful party.  The evidentiary record will be deemed submitted by the conclusion of the hearing on May 17, 2012.  No additional hearing days will be permitted on this motion.

**IV.     Conclusion**

For the reasons stated above, Defendant's Motion to Preclude Further Proceedings Before the Magistrate Judge [Doc. No. 162] is **denied;** Plaintiff's Motion for Sanctions [Doc. No. 167] is **denied;** Plaintiff's Motion for Contempt is **denied** without prejudice to renew; and the matter is referred to Magistrate Judge Smith for an evidentiary hearing on Plaintiff's motion to enforce the judgment and report.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of May, 2012.