UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARROWOOD INDEMNITY COMPANY,
AS SUCCESSOR TO FIRE AND
CASUALTY INSURANCE COMPANY
OF CONNECTICUT,
         -Plaintiff

         V.                              CASE NO. 3:03cv1000(JBA)

TRUSTMARK INSURANCE COMPANY,
         -Defendant

REPORT AND RECOMMENDATION

The magistrate assumes familiarity with Judge Dorsey's prior orders in this case, and with the rulings of Judge Arterton, to whom this matter was referred after Judge Dorsey's death.  The matter is before the magistrate for a report and recommendations concerning FCIC's motion for an order enforcing a judgment of the district court, which judgment incorporates the final arbitration decision that was rendered in this matter.  The magistrate presided over at least fifteen days of evidentiary hearings and many hours of argument by extremely capable counsel on both sides.  The magistrate's recommendation is as follows:  (1)  the magistrate declines to enter any order with respect to the enforcement of the extant judgment, chiefly because he lack the statutory and constitutional power to do so;  (2) the magistrate declines to recommend that Judge Arterton enter an order enforcing this judgment, chiefly because to do so could entice the court to take yet another step into the "Big Muddy," making eventual extrication

just that more difficult; (3) the magistrate affirmatively recommends that Judge Arterton deny the motion for an order enforcing the judgment; (4) the magistrate recommends that Judge Arterton sua sponte enter an order vacating the judgment in this case; and (5) the magistrate recommends that Judge Arterton enter an order that this matter be remanded to arbitration.

The parties in this case contracted for arbitration. It was an arm's length transaction by sophisticated parties represented by lawyers who are experts in complicated areas of the insurance, reinsurance, the regulation of these industries, and dispute resolution. Having substantial experience in litigation, they chose dispute resolution by arbitration. This was an intelligent, knowing, and informed choice. In these circumstances, it is neither fair, nor proper, for an Article III judge to inject herself further into the process at this time. Since a magistrate's authority is a derivative, the same is true with respect to the undersigned. The reason for this is that the most recent arbitration award is opaque, at best. And, as the voluminous record of the hearing demonstrates, each side has advanced plausible arguments that the arbitration award in this case favors it, rather than its adversary. The magistrate can speculate what the arbitrators intended, but that is not the magistrate's job. Here, the parties sought and paid for an arbitration panels' decision, not the surmise or speculation of a

magistrate.   Nor did they bargain for a decision at this juncture by an Article III judge.   The arbitrators' decision is ambiguous, unclear, and non-determinative of the question before it: who gets the money? With all due respect to the arbitration panel, it did not decide the questions it was retained to decide.   It is of no consequence at all that each side here solemnly asserts that the award is unambiguously in its favor.   This is simply not so.   Here, procedurally the parties' posture is akin to that of parties in a case where cross-motions for summary judgment are pending.   11 J. Moore, Federal Practice §56.10[6](3rd ed.).

Rule 60(b) of the Federal Rules of Civil Procedure allows the district court to grant relief from a judgment for "any ... reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).   While normally such relief is sought by motion of a party, nothing forbids the court to grant such relief sua sponte. See generally International Controls Corp. v. Vesco, 556 F.2d 665, 668 n. 2 (2d Cir.1977) (district court has "power to decide *sua sponte* whether its judgment should be vacated, provided all parties ha[ve] notice"). See also Haywood v. Woods, No. 9-01-CV-00225 (LEK/DEP), 2007 WL 1834641, at *10 n.11 (N.D.N.Y. June 25, 2007) (Magistrate Judge recommending that court reverse prior decision to dismiss plaintiff's claims "as it is empowered to do under the circumstances").

The role of a district court in reviewing an arbitral award is "narrowly limited," and "arbitration panel determinations are generally accorded great deference under the (Federal Arbitration Act, 9 U.S.C. §§ 1-16)." Tempo Shain v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir.1997); see Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir.2007). This deference promotes the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 405 (2d Cir.2009). However, under the FAA, a district court "may make an order vacating [an] award upon the application of any party to the arbitration...[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter submitted was not made." Id. at § 10. "In order to be 'final' and 'definite,' the award must both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award." Puerto Rico Maritime Shipping Authority v Star Lines Ltd., 454 F.Supp. 368, 372 (S.D.N.Y. 1978). The magistrate does not recommend vacating the arbitrators' decision, but remanding the matter once again to the arbitrators to produce an intelligible decision.

As Judge Dorsey previously stated in his Order on Second Motion for Reconsideration [Dkt. No. 88], courts will not generally

4

enforce arbitration awards that are incomplete, ambiguous or contradictory. <u>Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Intern. Union, United Auto., Aerospace and Agr. Implement Workers of Am. (UAW)</u>, 500 F.2d 921, 923 (2d Cir. 1974). As Judge Dorsey further elaborated:

> It is the job of the arbitrator, not the Court, to resolve any questions as to the meaning or extent of an arbitration award. <u>See id.</u> at 924 ("construing ambiguous provisions of an arbitration award is the proper province of the arbitrator, not the courts"); <u>Rizzo v. Zalkin</u>, No. 92 Civ. 6127 (SWK), 1994 WL 114836, at *6 (S.D.N.Y. March 31, 1994); <u>Zephyros Mar. Agencies, Inc. v. Mexicana De Cobre, S.A.</u>, 662 F. Supp. 892, 895 (S.D.N.Y. 1987); <u>see also</u> C.J.S. ARBITRATION § 183 (2006). Rather than construing ambiguous provisions of an arbitration award, "the court must remand the award to the arbitrator with instructions to clarify the award's particular ambiguities." <u>Brown v. Witco Corp.</u>, 340 F.3d 209, 216 (5th Cir. 2003) (citations omitted); <u>see also Fischer v. CGA Computer Assocs., Inc.</u>, 612 F. Supp. 1038, 1041 (S.D.N.Y. 1985).

[Dkt. No. 88 at 1-2]. As addressed above, each side has advanced plausible arguments that it was victorious. Accordingly, the case should be remanded back to the arbitrators for a definitive, and final, decision. Any prior judgment confirming the arbitration award should be vacated.

The parties may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B).

Dated at Hartford, Connecticut this  12th day of February, 2013.

                                    /s/ Thomas P. Smith
                                    THOMAS P. SMITH
                                    UNITED STATES MAGISTRATE JUDGE